UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN M. DOYLE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *     Civil Action No. 14-30098-MGM |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER AND DEFENDANT'S MOTION TO AFFIRM IT
(Dkt. Nos. 13 and 16)

June 10, 2015

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

This is an action for judicial review of a final decision by Carolyn Colvin, the Acting Commissioner of the Social Security Administration ("Commissioner"), regarding an individual's entitlement to Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") pursuant to 42 U.S.C. §§405(g) and 1383(c)(3), respectively. John M. Doyle ("Plaintiff") asserts the Commissioner's decision denying him such benefits—memorialized in an August 5, 2013 decision of an administrative law judge ("ALJ")—was erroneous. Plaintiff has filed a motion to reverse the judgment (Dkt. No. 13), and the United States ("Defendant"), acting on behalf of the Commissioner, has moved to affirm it. (Dkt. No. 16.) The court grants Defendant's motion and denies that of Plaintiff.

## II. BACKGROUND

Plaintiff applied for SSDI and SSI benefits on February 9, 2009. (Administrative Record ("A.R.") at 7.) Plaintiff alleged disability beginning on January 10, 2009 due to physical and mental impairments. (Id. at 134-144, 154.) After Plaintiff's application was denied both initially and upon reconsideration, he requested a hearing in front of an ALJ which took place on September 17, 2010. (Id. at 21, 68-71, 80-82.) The ALJ determined the Plaintiff was not disabled. That decision became final and subject to judicial review when the Decision Review Board failed to complete its review in the allotted time. (Id. at 1-19.)

Plaintiff filed a Complaint in U.S. District Court on May 9, 2011. The parties subsequently agreed to remand the case back to the Appeals Council on August 12, 2011. (Id. at 452-455.) The Appeals Council consolidated this claim with pending subsequent applications and a second hearing was scheduled for May 10, 2013. (Id. at 454, 525.)

Plaintiff, who was forty-eight years old at the time of the second hearing, has a high school education and has taken online college courses. (Id. at 52-53, 749, 764-765.) His prior work experience has been that of a stock clerk, machine metal tender, and power transformer assembler. (Id. at 767-769.) Plaintiff claimed physical impairments stemming from his Cerebral Palsy diagnosis, as well as mental health complaints. (Id. at 752-754, 758-759.) Plaintiff testified his symptoms included pain in his lower back, left ankle, hip, and both knees. (Id. at 753.) He claimed sitting or standing for extended periods of time increased this pain. (Id. at 756.) Plaintiff further testified to problems with hearing loss. (Id. at 757.)

With regard to his alleged mental health impairments, Plaintiff asserts he received treatment for depression from 2008 through 2011. (Id. at 759-760.) He stated treatment stopped due to insurance reasons but he testified to current symptoms including feeling tired all the time, having no energy, and experiencing periods where he "just [doesn't] feel like doing anything." (Id. at 759).

Following the hearing, the ALJ issued a decision denying Plaintiff's application for benefits, after which the Appeals Council denied review. (Id. at 422-424, 429-451.) Plaintiff subsequently filed the instant action and the parties submitted the cross-motions presently at issue.

### III. STANDARD OF REVIEW

The role of a district court reviewing an ALJ's decision is limited to determining whether the conclusion was supported by substantial evidence and based on the correct legal standard. See Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The Commissioner has the responsibility of resolving issues of credibility and weighing conflicting evidence. Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). As such, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. 405(g). Substantial evidence means "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Commissioner's] conclusion." Rodriguez, 647 F.2d at 222. This is true "even if the record arguably could justify a different conclusion." Rodriguez Pagan v. Sec'y of Health &Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).

### IV. DISABILITY STANDARD AND THE ALJ'S DECISION

An individual is entitled to SSDI benefits if, among other things, he has an insured status and, prior to its expiration, he was under a disability. Baez v. Astrue, 550 F. Supp. 2d 210, 214 (D. Mass. 2008) (citing 42 U.S.C. § 423(a)(1)(A) and (E)). With respect to Plaintiff's claim for SSDI benefits, he must therefore establish disability on or before the last date on which he was insured, December 31, 2012. See id. Entitlement to SSI, on the other hand, requires a showing of both disability and financial need. See 42 U.S.C. §1382.

The Social Security Act (the "Act") defines disability, in part, as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual is considered disabled under the Act,

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). See generally Bowen v. Yuckert, 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

> 1) if the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if the applicant's "residual functional capacity" is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do other work, the application is granted.

See 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); Goodermote v. Sec'y of HHS, 690 F.2d 5, 6-7 (1st Cir. 1982).

In the instant case, at step one, the ALJ found Plaintiff had not performed any substantial gainful activity since the date when he allegedly became disabled, January 10, 2009. (A.R. at 435.) Moving to step two, the ALJ found Plaintiff had several severe impairments, specifically history of cerebral palsy, primarily affecting the left lower extremity; degenerative arthritis of right ankle and hip; reactive depression; and history of alcohol abuse in questionable remission. (Id.) At the third

4

step, the ALJ determined Plaintiff's impairments do not, singly or in combination, meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id. at 15.) The ALJ found in step four, Plaintiff's residual functioning capacity ("RFC") allows her to perform sedentary work, as defined in 20 C.F.R. 404.1567(a), except claimant "requires a sit/stand option, and is limited to simple 1-2 step tasks." (Id. at 443.) The ALJ further found these limitations preclude Plaintiff from performing past relevant work (Id. at 449.) At step five, the ALJ concluded, given Plaintiff's age, education, work experience, and RFC, he was capable of performing work in production sorting, production inspection, and final assembly, jobs which exist in significant numbers in the national economy. (Id. at 450.) As a result of these findings, the ALJ ultimately denied Plaintiff's application for SSDI and SSI benefits. (Id. at 451.)

V. ANALYSIS

Plaintiff makes two arguments challenging the ALJ's decision. First, Plaintiff asserts the ALJ erred by failing to assess additional limitations to the RFC, despite substantial medical evidence to support them. (Dkt. No. 14, Memorandum in Support of Motion for Judgment on the Pleadings ("Pltf. Mem.") at 8-15.) Second, Plaintiff asserts the RFC assessed in the ALJ's decision was inconsistent with the hypothetical questions posed to the vocational expert and, thus, the assessment was erroneous as a matter of law. (Id. at 15-19.) In response, the Defendant argues substantial evidence supports the ALJ's findings. (Dkt. No. 17, Memorandum in Support of the Defendant's Motion to Affirm the Commissioner's Decision ("Def. Mem.") at 9-13.)

A. ALJ's RFC Assessment

The Court finds the ALJ's RFC assessment was supported by substantial evidence. In making an argument to the contrary, Plaintiff does not allege any specific error in the ALJ's decision, nor does he dispute any of the ALJ's characterizations of the evidence. In assessing Plaintiff's RFC,

the ALJ concluded Plaintiff could perform sedentary work limited to simple, one to two step tasks with a sit/stand option. (A.R. at 443.) Plaintiff argues additional limitations should have been assessed, but does not specify what these additional limitations should have been. Instead, Plaintiff summarizes the opinions of the various doctors and claims the ALJ ignored the medical evidence. (Pltf. Mem. At 8-15.) The Court is not persuaded by Plaintiff's argument.

To succeed, "Plaintiff must show not only the existence of evidence in the record supporting her position but must also demonstrate the evidence relied on by the ALJ is either insufficient, incorrect, or both." Greene v. Astrue, 2012 WL 1248977 at *3 (D.Mass. Apr. 12, 2012). The responsibility for resolving issues of credibility and weighing the conflicting evidence falls squarely on the Commissioner. See Rodriguez, 647 F.2d at 222. Plaintiff must do more than "merely summarize[] evidence in the record" which supports a disability finding. Greene, 2012 WL 1248977 at *3 ("Plaintiff has done only half the work required"); see also Rodriguez Pagan 819 F.2d at 3 (holding a court must affirm the Commissioner's decision if it's supported by substantial evidence, "even if the record could arguably justify a different conclusion.").

Here, the ALJ considered all of the medical evidence provided by the various doctors. Specifically, the ALJ afforded great weight to the opinions of Doctor Puri and Doctor Darji. (A.R. at 446-448.) In April 2009, Dr. Puri opinioned that Plaintiff should not "lift heavy weights, work from heights, [or] with heavy machinery…." (A.R. at 308.) In December of that year Dr. Darji indicated Plaintiff could stand/walk for about four hours during an eight hour workday. (Id. at 381.) Additionally he found Plaintiff capable of frequently lifting ten pounds and occasionally lifting twenty pounds. The ALJ notes that these 2009 findings were further supported by a 2012 physical examination performed by Dr. Darji. (Id. 447, 680-684.)

In contrast, the ALJ gave little weight to the opinion of Dr. Lyons. The ALJ found the treatment records indicating Plaintiff was doing yard work and playing softball, combined with the

6

more detailed examinations by Dr. Puri and Dr. Darji, contradicted Dr. Lyon's conclusion that Plaintiff was disabled from ambulation and lifting. (Id. at 306-309, 597, 627, 680-684.) The Plaintiff does not rebut the ALJ's conclusions regarding Dr. Lyon's opinion, and the Court finds them reasonable.

Looking to Plaintiff's alleged mental impairments, the ALJ gives significant weight to the first opinion of Jaunita Van de Walt, a licensed clinical psychologist. (Id.) However, he finds her second assessment unreasonable. (Id.) The ALJ found Ms. Van de Walt's second opinion suspicious and accordingly gave it little weight in his assessment, "as it seem[ed] to go out of its way to declare the claimant unable to work, while at the same time noting no significant problems with [Plaintiff's] overall mental functioning." (Id. at 329-333, 449.) The court finds this assessment by the ALJ reasonable, and Plaintiff does not challenge it.

After reviewing the evidence, the court finds ALJ's assessment of Plaintiff's RFC was adequately supported by substantial evidence in the record. See Rodriguez, 647 F.2d at 222 ("We must uphold the Secretary's findings[] if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.").

B.  Inconsistency between RFC and Hypothetical

Plaintiff also argues the ALJ's erred as a matter of law in assessing a RFC materially different from the hypotheticals posed to the vocational expert. (Pltf. Mem. at 15-19.) However, the Court finds this discrepancy immaterial.

When hypotheticals provided by the ALJ are more restrictive than the ALJ's RFC assessment, they may be found to be immaterial. See Reyes v. Colvin, 2013 WL 5508285 at *5 (D.Mass. Sept. 30, 2013). When the hypothetical is more restrictive, the "discrepancy is immaterial because the universe of jobs identified by the [vocational expert] in response to the hypothetical is smaller than the universe of jobs contemplated by the RFC." Daniels v. Astrue, 2013 WL 1385396,

7

at *5 (D.Mass. Apr. 2, 2013). "[I]f the [expert] believed that jobs existed…which could be performed by a person with the set of limitations identified in the hypothetical, then a person with a set of limitations less restrictive than that identified in the hypothetical—i.e., the set of limitations identified in the [RFC]—could perform those same jobs." Poland v. Apfel, 2000 WL 36950 at *14 n.19 (D.N.H. Dec. 22 1999).

Here, the ALJ asked the vocational expert a series of hypothetical questions addressing whether an individual with the Plaintiff's conditions could perform any jobs existing in the national economy. (A.R. at 771-772.) The ALJ asked the vocational expert if jobs limited to sedentary work with a sit-stand option were available in the national economy. (Id.) The vocational expert confirmed a person with these limitations could work in production sorting or final assembly. (Id.) The ALJ then added an additional limitation of "no more than occasional interaction with coworkers and supervisors and none with the public." (Id.) The expert testified these same jobs would accommodate the additional restrictions. (Id.) The ALJ's RFC assessment does not include this limitation on interactions with coworkers, supervisors, and the public. (Id. at 449.) However, this inconsistency is immaterial. See Reyes v. Colvin, 2013 WL 5508285 at *5.

Plaintiff cites Slovak v. Barnhart to support his claim that the inconsistency between the RFC assessment and the hypotheticals was an error of law. (Pltf. Mem. at 15.) However, in Slovak, the hypotheticals were less restrictive than the ALJ's RFC assessment. See Slovak v. Barnhart, 2003 WL 21246049, at *7 (D.N.H. May 29, 2003).[1] In the instant case, unlike Slovak, the hypothetical questions were more restrictive than the RFC assessment. (A.R. at 771-772.) The vocational expert identified a number of jobs which could be performed with limitations on interactions with

---

[1] In Slovak, the Court found an RFC assessment which limited Plaintiff to tasks that required no "handling or fingering," differed materially from a hypothetical that restricted Plaintiff to "limited reaching, handling, gross manipulation, fingering, fine manipulation, and feeling." Slovak 2003 WL 21246049, at *7. The jobs listed by the vocational expert in response to this less restrictive hypothetical, both required frequent handling and would not have been appropriate given the RFC assessment. Id.

8

coworkers and the public. (A.R. at 771-772.) Clearly, these jobs could also be performed by an individual without these limitations. See Reyes, 2013 WL 5508285 at *5. It follows that the discrepancy between the ALJ's RFC assessment and the hypothetical is immaterial, and therefore not an error as a matter of law. See Daniels, 2013 WL 1385396, at *5.

VI. CONCLUSION

For these reasons, the court DENIES Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 13) and ALLOWS the Defendant's Motion to Affirm the Commissioner's Decision. (Dkt. No. 16.) The clerk shall enter judgment for Defendant, and this case may now be closed.

It is So Ordered.


　　　　　　　　　　　　　　　　　　　　　　 /s/ Mark G. Mastroianni
　　　　　　　　　　　　　　　　　　　　　　MARK G. MASTROIANNI
　　　　　　　　　　　　　　　　　　　　　　United States District Judge